UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CIVIL NO: 5:14-cv-00068-DCR

Eastern District of Kentucky
F I L E D
MAR 24 2014
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**JENNIFER THOMAS,** *Plaintiff*

vs.

**THE SCHREIBER LAW FIRM, LLC** *Defendant*

### ANSWER OF DEFENDANT, THE SCHREIBER LAW FIRM, TO THE COMPLAINT OF JENNIFER THOMAS

THE SCHREIBER LAW FIRM (Defendant) by and through attorney, DAVID KENNEDY BIFULCO, Esquire, answers the allegations in the complaint filed by JENNIFER THOMAS (Plaintiff):

### INTRODUCTION

1. Admitted: Count 1 of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### PARTIES

2. Admitted: Plaintiff is a natural person residing in the State of Kentucky, County of Fayette.

3. Admitted in part, Denied in part: Admitted: The Plaintiff owes a debt as that term is defined by 15 U.S.C. *§ 1692a(3)*. Denied: To the extent the averments contained in paragraph 3 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied, but nothing in the herein response shall constitute an admission that the debt which the Defendants were attempting to collect from the Plaintiff is a "consumer" debt as that term is defined in the FDCPA.

4. Admitted.

5. Admitted in part, Denied in part: Admitted: THE SCHREIBER LAW FIRM, LLC collects, and attempts to collect, defaulted debts and also collects, and attempts to collect, commercial debts; Denied: To the extent the averments contained in paragraph 5 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied, but nothing in the herein response shall constitute an admission that the debt which the Defendants were attempting to collect from the Plaintiff is a "consumer" debt as that term is defined in the FDCPA.

6. Denied. To the extent the averments contained in paragraph 6 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

### JURISDICTION AND VENUE

7. The Defendants defer to the Court to determine whether the issue of proper jurisdiction has been satisfied by the Plaintiff.

8. Denied. To the extent the averments contained in paragraph 8 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

9. Denied: Venue is not proper pursuant to *28 U.S.C. 1391(b)(2)* because no transaction or incident occurred in Kentucky other than one alleged voicemail being received by the Plaintiff which is de minimus and is not an occurrence which justifies the great burden placed on the Defendants to defend this matter.

## FACTUAL ALLEGATIONS

10. Admitted.

11. Denied. To the extent the averments contained in paragraph 11 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

12. Denied. To the extent the averments contained in paragraph 12 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

13. Denied. To the extent the averments contained in paragraph 13 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

14. Denied. To the extent the averments contained in paragraph 14 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

15. Denied. To the extent the averments contained in paragraph 15 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

16. Denied. To the extent the averments contained in paragraph 16 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

17. Denied. To the extent the averments contained in paragraph 17 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

18. Denied. To the extent the averments contained in paragraph 18 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

19. Denied. To the extent the averments contained in paragraph 19 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

20. Denied. To the extent the averments contained in paragraph 20 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Denied. To the extent the averments contained in paragraph 21(a) through 21(b) of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied.

### PLAINTIFF'S PRAYER FOR RELIEF

22. Denied. To the extent the averments contained in paragraphs 22 through 24 of Plaintiff's complaint are conclusions of law, no response is required. All other allegations, whether express or implied, are specifically denied. To the extent that these averments may be deemed as factual, they are also denied. Defendant denies any and all allegations contained in Plaintiffs Request for relief and specifically denies that Plaintiffs' are entitled to any relief stated therein.

### AFFIRMATIVE DEFENSES

By and for their Affirmative Defenses, Defendants state the following:

### First Affirmative Defense
### Rule12(b)(6), Fed. R. Civ. P.

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against defendant. The Defendant's error is covered the Bona Fide Error doctrine under 15 *U.S.C. § 1692k(c)* where a Defendant shows that violation was not intentional and resulted from *bona fide* error that its procedures for avoiding errors could not reasonably detect. *Ross v RJM Acquisitions Funding LLC*, 480 F3d 493 (7th Cir. 2007).

### Second Affirmative Defense

2. Plaintiff's claims are barred, in whole or part, by the doctrine of laches.

## Third Affirmative Defense

3. Defendant further asserts the affirmative defense that the statutory damages sought by Plaintiffs are unconstitutionally excessive as applied.

4. The Plaintiff suffered no actual damages from the voicemail.

5. As courts have recognized statutory damages to be punitive in nature, On Davis v. The Gap, Inc., 246 F.3d 152, 172 (2d Cir. 2001), statutory damages must necessarily have a reasonable relationship to the Plaintiffs' alleged actual damages caused by the alleged infringement.

6. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13, 22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 77 U.S.P.Q.2d 1833, 2005 Copr. L. Dec. P 29,020 (N.D.Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." Id.

7. Pursuant to applicable law concerning the constitutionality of statutory damages, the Plaintiffs' recovery, if any, must necessarily have a reasonable relationship to the Plaintiffs' alleged actual damages caused by the alleged calls.

8. The ratio of Plaintiffs' recovery, if any, to its actual damages must be limited such that the ratio and the recovery comport with due process.

9. For these reasons, this Court must limit Plaintiffs' recovery, if any, to a ration that comports with due process and constitutional propriety.

### Fourth Affirmative Defense

10. Plaintiff is barred from maintaining its claims on obtaining the relief sought in the case at bar under the doctrine of estoppel.

### Fifth Affirmative Defense

11. Plaintiff's claims are barred, in whole or in part by the appropriate statute of limitations.

### Sixth Affirmative Defense

12. Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Eighth Affirmative Defense

14. The FDCPA is designed to provide information that helps consumers choose intelligently and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect.)

15. A statement cannot mislead a least sophisticated consumer unless it is material, so a false but not material statement is not actionable under the FDCPA.

16. The herein Plaintiff does not allege any substantial error with respect to how her debt is set forth in the collection voicemail for which she complains.

17. The Plaintiff further fails to allege that she relied upon or was misled by the attorney reference set forth in the collection voicemail for which she now complains.

18. The Plaintiff does not deny the existence of the debt set forth in the collection voicemail.

19. The Plaintiff's Complaint does not set forth a denial that the Plaintiff owed the debt nor does she claim that the Defendant misstated or misrepresented the amount which she owed.

20. The Plaintiff's Complaint fails to allege that the voicemail influenced her decision and/or ability to pay or challenge the debt set forth in the voicemail.

21. As a result of the foregoing, the best the Plaintiff can hope to prove is that the voicemail contains a false but not material statement that is not actionable under the FDCPA.

### Ninth Affirmative Defense

22. Defendants did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of their rights.

### Tenth Affirmative Defense

23. Plaintiff failed to mitigate their damages, if any. Plaintiff never communicated in any form to the Defendant that they received the voicemail.

### Eleventh Affirmative Defense

24. Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which they did not specifically reply in the Answer to Plaintiff's Complaint.

### Twelfth Affirmative Defense

25. Defendant reserves the right to plead additional defenses (or cross-claims or counter claims) that may be identified during investigation and/or course of discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that this Honorable Court find judgment for Defendants, Dismiss Plaintiff's complaint with prejudice, deny Plaintiff's request for statutory damages, deny Plaintiff's request for costs, deny Plaintiff's request for attorney's fees and deny Plaintiff's request for any relief whatsoever.

Defendant further prays that this Honorable Court hold that Defendant is the prevailing party and award it relief under 42 Pa.C.S.A. § 8351(a) Wrongful Use of Civil Proceedings (Dragonetti Act) and enter judgment against Plaintiff and in favor of the Defendant in the amount of $10,000.00 for legal fees and costs.

Respectfully submitted this _____ day of _____, 2014.

s/ David Kennedy Bifulco, Esq.
PA. BAR NO. 310038
*Admitted Pro Hac Vice*
Attorney for
THE SCHREIBER LAW FIRM, LLC
6 Neshaminy Interplex, Drive, Suite 212
Trevose, PA 19053
Phone: (610) 676-0650
Fax: (610) 646-7444
Email: david@dkblaw.net